HENRY N. HEWITT *et al.*, Respondents, *v.* LAURA S. HEWITT *et al.*, Appellants.

*Supreme Court, Third Department, General Term, December 11, 1889.*

1. *Wills. Action to establish.*—Where the executors bring an action against the widow to establish the will as the will of a resident or a non-resident of this state so that their duty in the premises may be determined, and that, if the will be found to be that of a resident, the widow be decreed to pay them the amount of money which she has received from the testator's property in a foreign state, and that she be enjoined from further interfering with their trust, the complaint does not state a cause of action.

2. *Same. Equity.*—The complaint states no cause of action, where all the questions raised in the complaint, in an action in equity, depend upon an issue of fact, which can be determined in an action of law.

Appeal from an interlocutory judgment overruling a demurrer by the defendant to the complaint.

The complaint alleges that Nelson G. Hewitt died in the county of Clinton, in this state, February 6, 1887, without issue, leaving the defendant, Laura S. Hewitt, his widow, surviving him. That the said testator was, at the time of his death, a resident of, and domiciled in, said county, and had been such a resident so domiciled for many years previous thereto. That about December 28, 1886, he made his last will and testament and codicils thereto, whereby he de-

vised and bequeathed all his real and personal estate to the plaintiffs, in trust, to pay over to his said widow, in quarterly payments, one-half of the annual net income of his said estate, not exceeding $2,400 per annum, during her life, and the balance of said annual net income to divide into four parts, and pay over annually one of said parts to the defendant, John P. Hewitt; one of said parts to the defendant, Ann E. Calkins; one of said parts to the defendant, Louisa Hewitt, and one of said parts to the plaintiff, Henry N. Hewitt; and after the decease of said Laura S. Hewitt, to convert all said estate into money, and to divide and distribute three-fourths of the same amongst the persons entitled at the date of said will to the same, under the statute of distribution of the state of New York, excepting the defendant, John P. Hewitt, and to invest the remaining one-fourth, and pay over the income of the same to said last-named defendant during his life, and at his death to divide said one-quarter amongst the persons aforesaid entitled to take under said statute of distribution of this state.

That the plaintiffs are nominated in said will as executors thereof.

That said will was proven and admitted to probate, all of the defendants being duly cited in the surrogate's court, Clinton county, in this state, and letters testamentary have been issued to the plaintiffs, and that they have qualified and entered upon the execution of their trust.

That at the time of his death said testator was seized and possessed of considerable real and personal property in the state of Arkansas, and was also possessed of considerable personal property, notes, bonds and instruments for the payment of money only, then being with him in said county of Clinton.

Plaintiffs also allege upon information and belief that said will has been duly probated in the courts of the state of Arkansas.

That by the laws of that state plaintiffs may sue with

the like effect as if they had been qualified under the laws thereof.

That the plaintiffs have sent a promissory note made by one Ward, amounting to about $7,000, into that state to be collected for the purposes of their trust. That the defendant, the widow of said testator, has, since his death, and since the plaintiffs have qualified and entered upon the execution of their trust, interfered with said personal estate of said deceased in the state of Arkansas, and received and taken about $500 of the same and brought it into this state, where she uses and disposes of the same to her sole benefit; and has also claimed to have and dispose of for her own benefit the whole or a part of said Ward note of $7,000; and also claims by and under the laws of said state of Arkansas to have and take to her own use one-half of the entire personal property of the said testator, irrespective of the rights of these plaintiffs as executors and trustees.

That the other defendants, the beneficiaries under said will, claim that the said will is the will of a resident of the state of New York, and that it is to be construed and interpreted as such, and that plaintiffs are accountable to them for said personal property, and that these plaintiffs should not yield to the claim of the said widow, that said testator was a resident of the state of Arkansas. Plaintiffs ask judgment of the court establishing said will as the will of a resident or non-resident of the state of New York, so that their duty in the premises may be determined.

That if the said will be determined to be the will of a resident of this state, that the said defendant, the said widow, be decreed to pay the plaintiffs such amount of money or other personal property as she may have taken from said estate belonging to plaintiffs, and be enjoined from further interfering with the execution of their trust, and for such further relief as may be just, with costs.

Said widow demurs to the complaint and states in her demurrer as grounds thereof:

*First.* That the complaint does not state facts sufficient to constitute a cause of action.

*Second.* That causes of action have been improperly united. " These plaintiffs should not have been joined in their individual capacity as plaintiffs with themselves, in their capacity as executors or trustees. This defendant should not have been joined with others in the action."

*Third.* " That there is a misjoinder of parties plaintiff. They should not be joined in their individual and trust capacity."

*S. A. Kellogg*, for appellants.

*Royal Corbin*, for respondents.

LANDON, J.—Upon the facts stated in the complaint the plaintiffs have no case in equity. They state facts showing a clear title in themselves as executors and trustees to the personal property of their testator both in this state and in the state of Arkansas.

They do allege that the defendant claims that the testator died a resident of the state of Arkansas, and that therefore she claims by the laws of that state that she is entitled to one-half of his personal property there situate.

The plaintiffs allege no doubt in regard to the law of either state ; they expressly allege that the testator's residence and domicile were in this state at the time of his death, and the demurrer admits the facts alleged.

The fact that the defendant claims that the testator was a resident of the state of Arkansas is immaterial; her claim gives no advantage, and in no way impairs the rights of the plaintiffs. If she should be sued by the plaintiffs for the $500 of the testator's estate which she obtained in Arkansas and brought into this state, and should assert in defense that the testator resided in that state at the time of his death, the plaintiffs need only to prove the facts which they allege in

this complaint, and which the demurrer admits, in order to establish his residence and domicile here. On their own showing they are in no doubt or danger. They desire to tender the issue of domicile in this action, but the defendant is not legally bound to accept it. If she has a defense to a cause of action for conversion it is her right to reserve it until the action be brought, and then she can resort to it or not at her option. The plaintiffs can invite the issue by bringing such an action. As all the questions raised depend upon that issue of fact, and as it rests with the defendant and not with the plaintiffs to present it, and as an action at law will suffice to determine it, the complaint states no cause of action.

Interlocutory judgment reversed, with costs, and demurrer allowed with costs.

LEARNED, P. J., and PUTNAM, J., concur.

### NOTE ON " EQUITABLE RELIEF."

Equity will not interfere, where the plaintiff has a remedy at law. Terry *v.* Horne, 59 Hun, 492; Keller *v.* Ogsbury, 50 Id. 602.

An action in equity cannot be maintained, where all the questions depend upon issue of fact which can be determined in an action at law. Hewitt *v.* Hewitt, 54 Hun, 639.

But the court, having obtained jurisdiction, can give such relief as the facts proved require. Nanny *v.* Fancher, 60 Hun, 586.

Equitable relief will not be given in support of a misrepresentation of the nature of plaintiff's business in fraud of the public. Koehler *v.* Sanders, 122 N. Y. 65.

An action will lie to restrain an unlawful interference with an easement in an alley by the erection of a building which will substantially prevent its use. Baron *v.* Korn, 51 Hun, 401.

The defense that a remedy exists at law must be pleaded. Id.

While an injunction may issue to restrain trespasses, even when there is a legal remedy for the intrusion, there must be something particular in the case so as to bring the injury under the head of quieting the possession, or to make out a case of irreparable mischief, or the value of the inheritance must be put in jeopardy by the continuance of the trespass. Troy & Boston R. R. Co. *v.* Boston, etc., R. R. Co., 86 N. Y. 107. The court will not interfere to restrain a mere trespass, when the injury is not irreparable and destructive of the plaintiff's estate, but is susceptible of pecuniary

compensation, Id. Equity interferes by injunction in order to prevent irreparable mischief, or to suppress a multiplicity of suits and vexatious litigations. Id.

An action to procure the cancellation of a written instrument cannot be maintained, unless some special circumstance exists establishing the necessity of a resort to equity, to prevent an injury, which might be irreparable and which equity alone is competent to avert. Globe Mut. L. Ins. Co. *v.* Reals, 79 N. Y. 202, Town of Venice *v.* Woodruff, 62. N. Y. 462. The mere fact that a defense exists to the instrument is insufficient. Id. Nor is it sufficient that evidence, to establish the defense, may be lost by delay. Id.

An equitable action cannot be maintained to have a written instrument, purporting to be an obligation for the payment of money, surrendered and cancelled, where the instrument is void, even in the hands of a *bona fide* holder, and where the burden of proving its validity rests upon the holder, if he seeks to enforce payment. Town of Venice *v.* Woodruff, 62 N. Y. 462.

In the absence of special circumstances calling for the interposition of the court of equity, an action cannot be maintained to compel the surrender of a promissory note past due upon the ground that it has been paid but not taken up. Fowler *v.* Palmer, 62 N. Y. 533.

The mere fact that a party has made an agreement or given a security which is void for usury, is not sufficient to entitle him to apply to a court of equity to have the contract annulled. Allerton *v.* Belden, 49 N. Y. 373. The right to this relief exists only when, from the form of the security, the defense cannot be made available at law, or where the instrument sought to be avoided is a cloud upon the title of the land, or some other necessity for the intervention of the court of equity is shown. Id.